UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

WILLIAM R. TYLER,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )        Case No. 2:13-CV-331 JD
                                     )
SHERIFF DAVID LAIN, *et al.*,        )
                                     )
            Defendants.              )

<u>OPINION AND ORDER</u>

William R. Tyler, a *pro se* prisoner, filed an amended complaint pursuant to 42 U.S.C

§ 1983. (DE 18.) Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if

the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief. To survive dismissal, the

complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd.

of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id*. at 603. Thus, the plaintiff "must do better than putting a few

words on paper that, in the hands of an imaginative reader, might suggest that something has

happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403

(7th Cir. 2010). Nevertheless, the court must bear in mind that "[a] document filed *pro se* is to be

liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

(2007).

Here, Tyler complains about the conditions of his confinement at the Porter County Jail. His complaint is not overly detailed, and in places is difficult to understand. However, this is Tyler's third attempt to state his claims, and given the nature of his filings it does not appear that allowing further amendments will result in a better complaint. Therefore, the court will proceed to screening the present complaint, attempting to discern any viable claims he may have and bearing in mind that *pro se* filings are to be given liberal construction. To summarize Tyler's allegations, he complains about overcrowding which required him to sleep on the floor underneath a toilet "for months at a time"; lack of proper response to his requests for medical care; incidents of excessive force by correctional staff; and the confiscation of some of his legal materials when he was transferred to the Indiana Department of Correction ("IDOC"). (DE 18.)

Tyler is now housed at an IDOC facility, but because he was a pretrial detainee when these events occurred, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The governing standards are functionally equivalent, however, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488,

493 (7th Cir. 2006). Conditions of confinement may establish a constitutional violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493.

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

First, Tyler alleges that he was housed in an overcrowded cell with two beds for four people, which required him to sleep on the floor near a toilet for several months. Giving him the inferences to which he is entitled at this stage, he satisfies the objective prong of the inquiry. With respect to the subjective prong, the complaint is not very detailed on this point, but it can be read to allege that Tyler complained about the problem to Warden John Widup, Assistant Warden Ronald Gaytose, and Sheriff David Lain, but they ignored his complaints. Giving him the inferences to which he is entitled, he has stated enough to proceed further against these defendants.

Next, he alleges that he did not receive adequate medical care at the jail. To establish liability for the denial of medical care, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834; *Estelle v. Gamble*, 429 U.S.

3

97, 104 (1976). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Here, Tyler complains that he suffers from a mental illness, had problems with "rotting" teeth, and had an ailment which caused blood in his stool. He alleges that several of his requests for care related to these conditions were ignored or there were delays in seeing the doctor, causing him pain and suffering. Giving him the inferences to which he is entitled at this stage, he satisfies the objective prong of the inquiry. With respect to the subjective prong, the complaint can be read to allege that Megan Harris, the head nurse at the jail, was responsible for the mishandling of Tyler's medical requests. Giving him the inferences to which he is entitled, he has stated enough to proceed further against this defendant.

Tyler next alleges two separate incidents of excessive force by correctional staff. First, he claims that an incident occurred in September 2012, when he got in a dispute over his uniform with Officer Michael Fishback. He claims Officer Fishback responded by choking him. In the second incident, which occurred on an unknown date, Officer Donald Aleya allegedly tackled him to the ground, and Officer Christopher Haig put a knee on his neck, smashing his face into the ground and causing him pain in his mouth for approximately two weeks.

4

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*. Here, as to the first incident, the complaint can be read to allege that Tyler was not actively resisting during this incident, and that Officer Fishback used more force than was necessary by choking him. Giving him the inferences to which he is entitled at this stage, he has alleged enough to proceed further against Officer Fishback. As to the second incident, Tyler does not fully describe what led to the use of force, but the complaint can be read to allege that he was not resisting and that the amount of force used by the two officers was excessive under the circumstances and caused him injury. Further factual development may show the officers acted reasonably under the circumstances, but Tyler has alleged enough to proceed further against Officers Aleya and Haig.

Tyler also alleges that after the incident with Officer Fishback, he complained to his supervisor, Captain Ron Taylor, but he failed to take any action. It is not entirely clear what Tyler wanted Captain Taylor to do, but the captain cannot be held vicariously liable for Officer Fishback's actions solely because he is his supervisor. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir.

5

2001). Tyler has not alleged a plausible basis for holding Captain Taylor liable for a constitutional violation that he committed himself. Accordingly, he will be dismissed as a defendant.[1]

Next, Tyler complains that Officer Andrew Noel confiscated his law dictionary and other legal materials when he was being transferred to IDOC. He also complains about inadequacies in the jail law library and an inability to obtain legal copies. Inmates have a First Amendment right of access to the courts, but there is no "abstract free-standing right" to a law library or to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, an inmate must "spell out" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.* The court must also bear in mind that prison officials are afforded discretion in regulating how and when inmates are given access to legal materials. *See Lewis*, 518 U.S. at 351-52; *Bell v. Wolfish*, 441 U.S. 520, 546 (1979).

Here, Tyler alleges that some his legal materials were taken, that he had difficulties obtaining legal copies, and that he received a "lack of help in [the] law library." As explained above, this alone

---

[1] Elsewhere in the complaint Tyler mentions a "restraint chair" (DE 18 at 4), but he does not provide any information about the chair or what occurred in relation to it. Nor does he describe what any particular individual might have done in connection with the chair that violated his rights. Even giving the complaint liberal construction, the court cannot discern a plausible constitutional claim related to the chair. Tyler also mentions in passing that someone named Benny Perez "grab[b]ed my dick and balls" (*Id.*), but he does not list this person as a defendant or allege that he is employed by the jail. It appears this may be another inmate. Tyler cannot state a claim against a private individual under 42 U.S.C. § 1983. *See Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Nor has he provided any detail from which a plausible failure-to-protect claim might be discerned. *See Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). If he believes he can add additional detail to allege a plausible claim, he is free to seek leave to file an amended complaint.

does not give rise to an actionable First Amendment claim. He must spell out some type of prejudice to a potentially meritorious legal claim, and he has not done so. Indeed, it appears the case he was pursuing at the time was this one, and there has been no adverse action taken against him in this case. Instead, he has been given several extensions of time to submit the documents needed to proceed with this case, including after he left the jail. In sum, he has not alleged a plausible claim for denial of access to the courts.

As a final matter, Tyler moves for *in forma pauperis* status (DE 19). He was already granted leave to proceed *in forma pauperis* in this action, and so his motion will be denied as unnecessary. He also moves for service of the complaint by the U.S. Marshal. (DE 20.) This motion will be granted to the extent that service will be directed on the defendants as stated herein.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed on a claim against Jon Widup, David Lain, and Ronald Gaytose in their individual capacities for monetary damages for housing him in an overcrowded cell without adequate bedding;

(2) **GRANTS** the plaintiff leave to proceed on a claim against Michael Fishback, Christopher Haigh, and Donald Aleya in their individual capacities for monetary damages for using excessive force against him;

(3) **GRANTS** the plaintiff leave to proceed on a claim against Megan Harris in her individual capacity for monetary damages for denying him adequate medical care;

(4) **DISMISSES** Robert Taylor and Andrew Noel as defendants;

(5) **DISMISSES** any and all other claims contained in the complaint;

(6) **GRANTS** the motion for service (DE 20), and **DIRECTS** the U.S. Marshals Service to effect service of process on David Lain, John Widup, Ronald Gaytose, Megan Harris, Michael Fishback, Christopher Haigh, and Donald Aleya pursuant to 28 U.S.C. § 1915(d);

(7) **ORDERS** David Lain, John Widup, Ronald Gaytose, Megan Harris,  Michael Fishback, Christopher Haigh, and Donald Aleya to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10-1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order; and

(8) **DENIES** the motion for leave to proceed *in forma pauperis* (DE 19) as unnecessary.

SO ORDERED.

ENTERED: March 7, 2014

      /s/ JON E. DEGUILIO      
Judge
United States District Court

8