UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIAM R. TYLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 2:13-CV-331 JD |
| v. | ) |
| | ) |
| SHERIFF DAVID LAIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the court on the defendants' motion for summary judgment (DE 47), in which they assert that William R. Tyler did not exhaust his administrative remedies with respect to two of his claims in this case, as required by 42 U.S.C. § 1997e(a).

Tyler was provided with a "Notice of Summary Judgment Motion" as required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. (DE 51.) That notice clearly informed him that unless he disputed the facts presented by the defendant, the court could accept those facts as true. Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion."). It also told him that unless he submitted evidence creating a factual dispute, he could lose this case. Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Despite being given proper notice of the motion for summary judgment, Tyler has not responded.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute

of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). "However, our favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Fitzgerald v. Santoro*, 707 F.3d 725, 730 (7th Cir. 2013) (citing *Harper v. C.R. Eng., Inc.*, 687 F.3d 297, 306 (7th Cir. 2012)).

In this case, Tyler was granted leave to proceed on three separate claims that during his detention at the Porter County Jail between March 12, 2012 and November 7, 2013, the defendants violated his constitutional rights. (DE 48.) First, Tyler claims Warden Jon Widup, Sheriff David Lain, and Assistant Warden Ronald Gaydos housed him in substandard conditions by placing him in an overcrowded cell with two beds for four people, which required him to sleep on the floor near a toilet for several months. Second, he claims that Officers Michael Fishback, Christopher Haigh, and Donald Alyea used excessive force against him on two separate occasions. Third, Tyler claims that he suffered from a number of medical conditions that went untreated and were ignored by Michele Harris[1]. Defendants move for summary judgment, arguing that Tyler failed to properly exhaust all but the claim against Michele Harris.

---

[1] Incorrectly named in the complaint as "Megan Harris." (DE 36.)

Under the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The U.S. Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Id.* Therefore, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023.

Notably, there was an inmate grievance process in place while Tyler was housed at the Porter County Jail. (Ex. E.) All inmates go through an orientation and are provided with an Inmate Guide, which details the grievance process. (Ex. G; Ex. F ¶ 12.) Inmates may use the grievance process for any issues involving jail practices, living conditions, and healthcare among other things. (Ex. F ¶ 8.) The grievance process provides that an inmate must file a grievance within seven days after the complained event. (Ex. F ¶ 7.) Grievance forms may be obtained from and returned to the officer in charge of the pod where the inmate is housed. (Ex. F. ¶¶ 5, 7.) All inmate grievances are retained in the inmate's file and/or in the jail's grievance log. (Ex. F. ¶ 10.)

While housed at the Porter County Jail, Tyler submitted ten (10) grievance forms on a variety of issues. (Ex. 5; Ex. 6.) Thus, Tyler clearly understood the grievance process and it was available to him. However, none of those grievances discuss, reference or mention overcrowding, sleeping

3

on the floor without a mattress, or any assertions that jail staff used excessive force against him. (Ex. 5, Ex. 6; Ex. F ¶¶ 16, 17, 21.)

The undisputed facts show that the jail had a grievance process in place at the time of these events, but Tyler failed to avail himself of that process with respect to his claims that he was subjected to substandard prison conditions or that officers used excessive force against him. Therefore, he did not properly exhaust his administrative remedies as to those claims before filing suit. *Pozo*, 286 F.3d at 1025.

For the foregoing reasons, the motion for summary judgment (DE 47) is **GRANTED** and Tyler's claim that he was subjected to substandard prison conditions by Sheriff Lain, Warden Widup and Assistant Warden Gaydos, as well as his claim that he was subjected to the use of excessive force by Officers Alyea, Fishback and Haigh, are dismissed pursuant to 42 U.S.C. § 1997e(a). Tyler's claim against Michele Harris for denying him adequate medical care remains pending.

SO ORDERED.

ENTERED:  February 27, 2015

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court